UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:15-CR-00095-JHM

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

ARTHUR WAYNE KNIFFLEY                                              DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the United States' motion in limine to admit evidence. [DN 22]. Full briefed, this matter is ripe for decision. For the reasons stated below, the motion is **GRANTED**.

**I. BACKGROUND**

Kniffley is charged with three counts of employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for purposes of producing visual depictions in violation of 18 U.S.C. § 2251(a) and (e). In its motion, the United States asserts that the allegations against Kniffley arise from a previous case involving Kniffley, criminal action no. 3:08-CR-134 (W.D. Ky. 2008), in which he was convicted of distribution and possession of a matter portraying a minor in a sexual performance. Following this conviction, an individual contacted the FBI and the United States to inform them that he or she was one of the individuals depicted in the materials Kniffley was convicted of possessing and distributing, and Kniffley had abused and photographed him or her as a minor, leading to the present charges.

In its motion in limine, the United States seeks to admit evidence of two of Kniffley's prior convictions. It seeks to introduce Kniffley's judgment and conviction in criminal action no. 3:08-CR-134, as well as the nature of that investigation and statements Kniffley made in an interview with the FBI for that case. It also seeks to introduce Kniffley's judgment and

conviction in a prior state criminal case, no. 95-CR-2138, in which Kniffley was convicted of three counts of first-degree sexual abuse, as well as testimony from the victims in that case and statements Kniffley made to Louisville Metro Police Department for that case.

## II. DISCUSSION

### A. FEDERAL CRIMINAL ACTION NO. 3:08-CR-134

The United States argues that the evidence from Kniffley's prior federal case should be admitted as *res gestae*, as the factual background of the two cases is inextricably intertwined. *Res gestae* is "an exception to Rule 404(b)" that allows for the admission of background evidence related to the present case, despite the fact that this evidence may otherwise be inadmissible under Rule 404(b). *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). *Res gestae* will be admissible when it "has a causal, temporal, or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense . . . or completes the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citations omitted). This exception to Rule 404(b) is premised on the "principle that the jury is entitled to know the setting of a case." *United States v. Grooms*, 566 F. App'x 485, 491 (6th Cir. 2014) (citations omitted).

The evidence the United States seeks to admit regarding criminal action no. 3:08-CR-134 is *res gestae* and admissible. The judgment and conviction, the nature of the investigation, including discovery and the forensic review of a digital camera from that case, and Kniffley's statements to the FBI are all inextricably intertwined with how the United States came to learn of these new allegations against Kniffley, as it was only as a result of the prior investigation and prosecution that the victim came forward with the new information that is central to the present

2

case. Further, some of the images at issue in the first case are at issue in this case as well, as Kniffley is alleged to have created some of the images he was convicted of possessing and distributing. If the allegations made by the United States are proven true, then the evidence from this prior case "arises from the same events as the charged offense" and is necessary to complete the story the prosecution must tell of the charged offense. *Hardy*, 228 F.3d at 748.

Nor should the evidence be excluded under Rule 403. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("Even if evidence is *res gestae*, we must also find that the district court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice" under Rule 403) (citations omitted). The evidence the United States seeks to introduce regarding the investigation and Kniffley's statements to the FBI is directly probative of the current charges. For example, one of the elements the United States must prove under the current charges is that Kniffley knew or had reason to know that the images he allegedly created were "transported or transmitted using any means or facility of interstate or foreign commerce . . . ," among other alternatives. 18 U.S.C. § 2251(a). The United States asserts that Kniffley's interview includes Kniffley signing individual photos to indicate which ones he possessed and distributed via the internet, which is evidence that tends to prove an element of the present charges. [DN 22, at 4–5]. Thus, the interview is probative of material elements to the present charges. Further, the probative value of this evidence is not substantially outweighed by any danger of unfair prejudice; the evidence is highly probative of, and related to, the current charges, and any prejudice that would result would not be unfair. Therefore, the United States' motion in limine to admit this evidence is **GRANTED**.

**B. STATE CRIMINAL ACTION NO. 95-CR-2158**

The United States argue that the evidence related to Kniffley's prior state case should be admitted pursuant to either Rule 414 or 404. Rule 414, like *res gestae*, also "create[s] an exception to the general ban on propensity evidence contained in Rule 404(b)." *U.S. v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006). Rule 414 states, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). The rule defines "child molestation" so as to include any crime under federal or state law involving "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child . . . [or] any conduct prohibited by 18 U.S.C. Chapter 110." Fed. R. Evid. 414(d). This rule "reflects congressional recognition that prior acts of sexual misconduct involving children . . . are probative to show an offender's propensity for committing a similar charged offense." *United States v. Trepanier*, 576 F. App'x 531, 534 (6th Cir. 2014).

The evidence regarding Kniffley's state conviction is admissible pursuant to Rule 414. First, Kniffley's convictions for sexual abuse meet the definition of "child molestation" under the rule. The factual basis for these convictions established in Kniffley's plea agreement states that he was "a frequent babysitter of three children" between the ages of four and ten and that he "would remove [the] clothing [of his minor victims] and put one of them on top of him and ejaculate . . . [and] fondle each child's genitals." [DN 22, at 6]. This conduct would fall within the conduct proscribed in 18 U.S.C. § 2241(c), from Chapter 109A, which prohibits "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years" when federal jurisdictional requirements are met.

Second, Kniffley is currently facing charges of child molestation within the definition of Rule 414. He is charged with sexual exploitation of a child under 18 U.S.C. § 2251, which is included in Chapter 110. And third, the evidence of the prior conviction is relevant to the current charges. Under the present charges, the United States must prove that Kniffley intentionally used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of it. Rule 414 espouses "a strong legislative judgment that evidence of prior sexual offenses have probative value" of a propensity to intentionally commit similar sexual offense, making this prior act evidence probative of the current charges. *United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) (citations omitted).

The only concern about the probative value of this conviction is the length of time that has elapsed since the state criminal case and the present charges. However, even though over twenty years have elapsed between the two, under Rule 414, "[n]o time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses." 140 Cong. Rec. at S12990 (Statement of Sen. Dole). Thus, the Court finds that the remoteness of the prior act of child molestation does not diminish the probative value of the evidence, nor is it substantially outweighed by the danger of prejudice under Rule 403. *See United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (evidence of prior act of sexual abuse admissible under Rule 414 despite twenty-year gap between prior act and current charges).

Finally, Kniffley argues that admission of evidence relating to his prior convictions in this case would violate his rights under the Fifth and Sixth Amendments. Kniffley argues that, while it would be one thing for the jury to refrain from drawing a negative inference against him

5

if he refuses to testify regarding his current charges, it would be a much more difficult task for the jury to not draw a negative inference against him if he refuses to testify about his prior acts of child molestation. This inability to insure that the jury does not punish Kniffley for his refusal to testify would violate his Fifth Amendment right to not testify and, presumably, his Sixth Amendment right to an impartial jury. This argument implicitly asks the Court to find Rule 414 unconstitutional, at least as it applies to Kniffley in this case. Kniffley cites to no authority to support this argument, and the Court rejects it. A defendant does not have an enhanced right to not testify simply because there is relevant evidence of prior acts that tends to depict him in a poor light. Therefore, the United States' motion in limine as to Kniffley's state conviction is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion in limine is **GRANTED**.

*Joseph H. McKinley, Jr., Chief Judge*
**United States District Court**

November 14, 2016

cc: counsel of record

6