## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:15-CR-00095-JHM**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**v.**

**ARTHUR WAYNE KNIFFLEY**                                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Arthur Wayne Kniffley's motion to dismiss the indictment against him. [DN 30]. Full briefed, this matter is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I. BACKGROUND

Kniffley is charged with three counts of employing, using, persuading, inducing, enticing or coercing a minor to engage in sexually explicit conduct for purposes of producing a visual depiction in violation of 18 U.S.C. § 2251(a) and (e). The allegations against Kniffley arise from a previous case involving Kniffley, criminal action no. 3:08-CR-134 (W.D. Ky. 2008), in which he was convicted of distribution and possession of a matter portraying a minor in a sexual performance, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). Following this conviction, an individual contacted the FBI and the United States to inform them that he or she was one of the individuals depicted in the materials Kniffley was convicted of possessing and distributing, and Kniffley had abused and photographed him or her as a minor, leading to the present charges. Kniffley now moves the Court to dismiss the indictment against him on the basis that the current prosecution violates the Double Jeopardy Clause of the Fifth Amendment due to his prior conviction for possession of the same child pornography that he is now being prosecuted for producing.

## II. DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment protects "against multiple punishments for the same offense." *United States v. Vichitvongsa*, 819 F.3d 260, 271 (6th Cir. 2016) (citations omitted). Under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), a defendant may not be punished twice for the same act unless both violations "require[ ] proof of a fact which the other does not." The Sixth Circuit has determined that convictions for both possessing child pornography and receiving that same child pornography are impermissible under the Double Jeopardy Clause and *Blockburger*, as "one obviously cannot 'receive' an item without then also 'possessing' that item, even if only for a moment." *United States v. Ehle*, 640 F.3d 689, 695 (6th Cir. 2011). However, the Sixth Circuit has never determined whether possession of child pornography is a lesser-included offense of using a minor to produce child pornography under § 2251. Thus, *Blockburger* requires this Court to examine each statute and determine if each requires proof of a fact that the other does not.

18 U.S.C. § 2251(a) reads:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate

> or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Conversely, 18 U.S.C. § 2252A(a)(5)(B) reads, in pertinent part:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer shall be punished as provided in subsection (b).

(subdivisions omitted).

Each statute requires proof of a fact that the other does not, as § 2251 requires the use (among other options) of a minor to produce child pornography, and § 2252A(a)(5)(B) requires the possession of child pornography, with neither of the statutes requiring both.  Kniffley argues in his motion to dismiss that the Sixth Circuit's opinion in *Ehle* should guide this Court, since, "[i]f one cannot receive a thing without also possessing that thing, it follows that one cannot produce a thing without also possessing that thing."  (Def.'s Mot. to Dismiss [DN 30] at 5.)  But that is not true under these two statutes.  § 2251 has no requirement that the defendant have possessed the child pornography he or she produced, and the statute is not limited to punishing only those who actually produce the visual depictions.  For example, it would be sufficient under § 2251 to punish an individual who has "persuade[d]" a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, even if that individual took no part in the actual production of the visual depiction.  Thus, it cannot be said that possession of child pornography will naturally and inevitably follow for those who are convicted under the broad language of § 2251 in the same way that possession necessarily follows receipt.

*Accord United States v. Shouse*, 2015 WL 150237, at *4 (D. Mont. Jan 12, 2015) (finding no double jeopardy violation when the defendant was simultaneously convicted of producing child pornography and possessing the same material).

Nor does it matter that, in this case, Kniffley's alleged production of child pornography may have necessarily and naturally led to his possession of it, as under *Blockburger*, the Court is to take an "analytical approach . . . which instead requires that the statutory provisions' required elements be viewed in the abstract." *Ehle*, 640 F.3d at 696 (citations omitted). Thus, even if Kniffley's possession of the child pornography only came about because he naturally was possessing what he had just produced, that subjective analysis is not the evaluation this Court is to perform under *Blockburger*. Therefore, because each statute requires proof of a fact that the other does not, there is no Double Jeopardy violation, and Kniffley's motion to dismiss the indictment is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss [DN 30] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 27, 2016

cc: counsel of record