# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:15-CR-00095-JHM

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

ARTHUR WAYNE KNIFFLEY                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Arthur Wayne Kniffley's motion to sentence him without regard to the mandatory minimum sentence of life imprisonment imposed by 18 U.S.C. § 3559(e)(1). (DN 49.) Kniffley was convicted of three counts of using a minor to engage in sexually explicit conduct to produce a visual depiction. (DN 45.) Due to a prior conviction for a sex offense in which the victim was a minor, Kniffley must be sentenced to life in prison. 18 U.S.C. § 3559(e)(1). Kniffley now argues that this sentence is grossly disproportionate to the crime for which he was convicted, violating the Eighth Amendment's ban on cruel and unusual punishment.

The Sixth Circuit has never directly addressed whether § 3559(e)(1)'s mandatory imposition of a sentence of life imprisonment violates the "narrow proportionality principle" imposed by the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Kennedy, J., concurring in part and concurring in the judgment). However, the Sixth Circuit has found that lengthy sentences, some of them mandatorily imposed, for crimes of a sexual nature involving minor victims do not constitute cruel and unusual punishment. *See United States v. LaFond*, -- F. App'x --, 2017 WL 2210924, at *2-5 (6th Cir. May 19, 2017) (thirty-year mandatory minimum sentence for engaging in sexual contact with a child who had not yet attained the age of twelve); *United States v. Herrick*, 512 F. App'x 534, 537–39 (6th Cir. 2013) (95-year sentence

for possession, distribution, and production of child pornography). Specifically, the court in *United States v. Hart*, 635 F.3d 850, 858–59 (6th Cir. 2011), found "no gross disproportionality between the fifteen-year mandatory minimum term of imprisonment" for using a minor to engage in sexually explicit conduct to produce a visual depiction and the conduct it punishes. This fifteen-year sentence would have been the mandatory minimum sentence Kniffley would have faced had he had no prior history of sex offenses involving minor victims. While a life sentence is certainly more severe than the sentence imposed in *Hart*, "attempting to produce child pornography 'is a profoundly serious matter . . . [that] Congress was entitled to punish heavily.'" *Id.* at 859 (quoting *United States v. Polk*, 546 F.3d 74, 77–78 (1st Cir. 2008)). Therefore, the Court concludes that a mandatory minimum sentence of life in prison is not grossly disproportionate from the conduct it is intended to punish. *Accord Banks v. United States*, 2010 WL 3076288, at *4 (D. Idaho Aug. 4, 2010) (in habeas case, petitioner would not have succeeded if counsel had argued life sentence under § 3559(e)(1) was cruel and unusual, as "[s]tatutory schemes that increase recidivists' sentences have regularly survived Eighth Amendment challenges").

Thus, for the reasons set forth above, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

May 31, 2017

cc: counsel of record

2